# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| **v.** | : | **CRIMINAL NO. 23-157** |
| **AL-ASHRAF KHALIL**<br>**ISAAM JAGHAMA** | : | |

## GOVERNMENT'S AMENDED PROPOSED JURY INSTRUCTIONS

Pursuant to Federal Rule of Criminal Procedure 30, the United States of America, by its attorneys, Jacqueline C. Romero, United States Attorney for the Eastern District of Pennsylvania, and Amanda R. Reinitz and Michael R. Miller, Assistant United States Attorneys for the district, requests that the Court tender the following jury instructions in addition to the standard instructions, and further requests leave to file any supplemental instructions as may appear necessary and proper.

Respectfully submitted,

JACQUELINE C. ROMERO
United States Attorney


s/ Maureen McCartney
MAUREEN McCARTNEY
Assistant United States Attorney
Chief, Violent Crime Unit


s/ Amanda R. Reinitz
AMANDA R. REINITZ
MICHAEL R. MILLER
Assistant United States Attorneys

Date: November 4, 2024

# TABLE OF CONTENTS

**Instruction**                                                                 **Page**

GOVERNMENT'S REQUEST NO. 1
    Role of Jury..................................................................................................1

GOVERNMENT'S REQUEST NO. 2
    Evidence......................................................................................................3

GOVERNMENT'S REQUEST NO. 3
    Direct and Circumstantial Evidence ............................................................6

GOVERNMENT'S REQUEST NO. 4
    Credibility of Witnesses – In General.........................................................8

GOVERNMENT'S REQUEST NO. 5
    Credibility of Witnesses – Law Enforcement Officer ....................................10

GOVERNMENT'S REQUEST NO. 6
    Credibility of Witnesses – Witness Who Has Pleaded Guilty to Same or Related Offense,
    Accomplices, Immunized Witnesses, Cooperating Witnesses ..........................11

GOVERNMENT'S REQUEST NO. 7
    Opinion Evidence – Expert Witnesses.............................................................12

GOVERNMENT'S REQUEST NO. 8
    Witness Identification of the Defendants.........................................................13

GOVERNMENT'S REQUEST NO. 9
    Audio/Video Recordings – Consensual ...........................................................15

GOVERNMENT'S REQUEST NO. 10
    Audio/Video Recordings – Transcripts ...........................................................16

GOVERNMENT'S REQUEST NO. 11
    Stipulation of Fact.............................................................................................17

GOVERNMENT'S REQUEST NO. 12
    Defendant's Choice Not to Testify or Present Evidence ..................................18

GOVERNMENT'S REQUEST NO. 13
    Defendant's Testimony.....................................................................................19

GOVERNMENT'S REQUEST NO. 14
    Not All Evidence, Not all Witnesses Needed ..................................................20

GOVERNMENT'S REQUEST NO. 15
    Specific Investigative Techniques Not Required ..................................................21

GOVERNMENT'S REQUEST NO. 16
    Presumption of Innocence – Burden of Proof – Reasonable Doubt ...................22

GOVERNMENT'S REQUEST NO. 17
    On or About ........................................................................................................24

GOVERNMENT'S REQUEST NO. 18
    Separate Consideration – Multiple Defendants Charged with Different Offenses ............25

GOVERNMENT'S REQUEST NO. 19
    Nature of the Indictment ....................................................................................26

GOVERNMENT'S REQUEST NO. 20
    Count One – Conspiracy to Maliciously Damage Property Used in Interstate Commerce
    by Means of Fire (18 U.S.C. § 844(n)) ..............................................................27

GOVERNMENT'S REQUEST NO. 21
    Conspiracy – Existence of an Agreement ..........................................................29

GOVERNMENT'S REQUEST NO. 22
    Conspiracy – Membership in the Agreement .....................................................31

GOVERNMENT'S REQUEST NO. 23
    Conspiracy – Mental States ...............................................................................33

GOVERNMENT'S REQUEST NO. 24
    Conspiracy – Overt Acts ....................................................................................34

GOVERNMENT'S REQUEST NO. 25
    Conspiracy – Success Immaterial ......................................................................35

GOVERNMENT'S REQUEST NO. 26
    Conspiracy – Duration .......................................................................................36

GOVERNMENT'S REQUEST NO. 27
    Conspiracy – Acts and Statements of Co-Conspirators .....................................37

GOVERNMENT'S REQUEST NO. 28
    Definitions of "Maliciously," "Personal Injury," and "Direct and Proximate Result" ......38

GOVERNMENT'S REQUEST NO. 29
    Property Used in or Affecting Interstate Commerce ..........................................39

GOVERNMENT'S REQUEST NO. 30
    Count Two – Malicious Damage by Means of Fire of a Building Used in Interstate
    Commerce (18 U.S.C. § 844(i)) ........................................................................................41

GOVERNMENT'S REQUEST NO. 31
    First Element – Malicious Damage or Destruction of Property ........................................42

GOVERNMENT'S REQUEST NO. 32
    Second Element – Use of Fire ..........................................................................................43

GOVERNMENT'S REQUEST NO. 33
    Third Element – Interstate Commerce ..............................................................................44

GOVERNMENT'S REQUEST NO. 34
    Death or Personal Injury ...................................................................................................45

GOVERNMENT'S REQUEST NO. 35
    Count Three – Wire Fraud (18 U.S.C. § 1343)................................................................46

GOVERNMENT'S REQUEST NO. 36
    "Scheme to Defraud or to Obtain Money or Property" Defined .......................................47

GOVERNMENT'S REQUEST NO. 37
    "Intent to Defraud" Defined..............................................................................................50

GOVERNMENT'S REQUEST NO. 38
    "Transmits by Wire, Radio, or Television Communication in Interstate Commerce"
    Defined..............................................................................................................................51

GOVERNMENT'S REQUEST NO. 39
    Knowingly.........................................................................................................................53

GOVERNMENT'S REQUEST NO. 40
    Attempt .............................................................................................................................54

GOVERNMENT'S REQUEST NO. 41
    Count Four – Use of Fire to Commit a Felony (18 U.S.C. § 844(h)) ...............................56

GOVERNMENT'S REQUEST NO. 42
    First Element – Commission of the Predicate Crime........................................................57

GOVERNMENT'S REQUEST NO. 43
    Second Element – Use of Fire or Explosive ....................................................................58

GOVERNMENT'S REQUEST NO. 44
    Accomplice Liability: Aiding and Abetting (18 U.S.C. § 2(a))............................ 59


GOVERNMENT'S REQUEST NO. 45
    Motive Explained............................................................................................................61

GOVERNMENT'S REQUEST NO. 46
    Election of Foreperson – Unanimous Verdict – Duty Not Consider Punishment –
    Duty to Deliberate – Communication With the Court.......................................................62

GOVERNMENT'S REQUEST NO. 47
    Verdict Form and Special Interrogatories.........................................................................65

## GOVERNMENT'S REQUEST NO. 1

## Role of Jury

Members of the jury, you have seen and heard all the evidence and the arguments of the lawyers. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence that you have heard and seen in court during this trial. That is your job and yours alone. I play no part in finding the facts. You should not take anything I may have said or done during the trial as indicating what I think of the evidence or what I think about what your verdict should be.

Your second duty is to apply the law that I give you to the facts. My role now is to explain to you the legal principles that must guide you in your decisions. You must apply my instructions carefully. Each of the instructions is important, and you must apply all of them. You must not substitute or follow your own notion or opinion about what the law is or ought to be. You must apply the law that I give to you, whether you agree with it or not.

Whatever your verdict, it will have to be unanimous. All of you will have to agree on it or there will be no verdict. In the jury room you will discuss the case among yourselves, but ultimately each of you will have to make up his or her own mind. This is a responsibility that each of you has and that you cannot avoid.

Throughout your deliberations, you may discuss with each other the evidence and the law that has been presented in this case, but you must not communicate with anyone else by any means about the case. You also cannot learn from outside sources about the case, the matters in the case, the legal issues in the case, or individuals or other entities involved in the case. This means you may not use any electronic device or media (such as a phone, computer, or tablet), the internet, any text or instant messaging service, or any social media apps (such as Twitter,

Facebook, Instagram, LinkedIn, YouTube, WhatsApp, and Snapchat) to research or communicate about what you've seen and heard in this courtroom.

These restrictions continue during deliberations because it is essential, under our Constitution, that you decide this case based solely on the evidence and law presented in this courtroom. Information you find on the internet or through social media might be incomplete, misleading, or inaccurate. And, as I noted in my instructions at the start of the trial, even using your smartphones, tablets, and computers - and the news and social media apps on those devices – may inadvertently expose you to certain notices, such as pop-ups or advertisements, that could influence your consideration of the matters you've heard about in this courtroom.

You are permitted to discuss the case with only your fellow jurors during deliberations because they have seen and heard the same evidence and instructions on the law that you have, and it is important that you decide this case solely on the evidence presented during the trial, without undue influence by anything or anyone outside of the courtroom. For this reason, I expect you to inform me at the earliest opportunity, should you learn about or share any information about this case outside of this courtroom or the jury room, or learn that another juror has done so.

Perform these duties fairly and impartially. Do not allow sympathy, prejudice, fear, or public opinion to influence you. You should also not be influenced by any person's race, color, religion, national ancestry, or gender *(, sexual orientation, profession, occupation, celebrity, economic circumstances, or position in life or in the community)*.

---

Third Circuit Model Criminal Jury Instruction, No. 3.01 (2024).

# GOVERNMENT'S REQUEST NO. 2

## Evidence

You must make your decision in this case based only on the evidence that you saw and heard in the courtroom. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence from which you are to find the facts consists of the following:

    (1)    The testimony of the witnesses;

    (2)    Documents and other things received as exhibits; and

    (3)    Any fact or testimony that was stipulated; that is, formally agreed to by the parties.

    *((4)    Any facts that have been judicially noticed – that is, facts which I say you may accept as true even without other evidence.)*

The following are not evidence:

    (1)    The indictment;

    (2)    Statements and arguments of the lawyers for the parties in this case;

    (3)    Questions by the lawyers and questions that I might have asked;

    (4)    Objections by lawyers, including objections in which the lawyers stated facts;

    (5)    Any testimony I struck or told you to disregard; and

    (6)    Anything you may have seen or heard about this case outside the courtroom.

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves.

If your experience and common sense tells you that certain evidence reasonably leads to a conclusion, you may reach that conclusion.

As I told you in my preliminary instructions, the rules of evidence control what can be received into evidence. During the trial the lawyers objected when they thought that evidence was offered that was not permitted by the rules of evidence. These objections simply meant that the lawyers were asking me to decide whether the evidence should be allowed under the rules.

You should not be influenced by the fact that an objection was made. You should also not be influenced by my rulings on objections or any sidebar conferences you may have overheard. When I overruled an objection, the question was answered or the exhibit was received as evidence, and you should treat that testimony or exhibit like any other. When I allowed evidence (testimony or exhibits) for a limited purpose only, I instructed you to consider that evidence only for that limited purpose and you must do that.

When I sustained an objection, the question was not answered or the exhibit was not received as evidence. You must disregard the question or the exhibit entirely. Do not think about or guess what the witness might have said in answer to the question; do not think about or guess what the exhibit might have shown. Sometimes a witness may have already answered before a lawyer objected or before I ruled on the objection. If that happened and if I sustained the objection, you must disregard the answer that was given.

Also, if I ordered that some testimony or other evidence be stricken or removed from the record, you must disregard that evidence. When you are deciding this case, you must not consider or be influenced in any way by the testimony or other evidence that I told you to disregard.

Although the lawyers may have called your attention to certain facts or factual conclusions that they thought were important, what the lawyers said is not evidence and is not binding on you. It is your own recollection and interpretation of the evidence that controls your decision in this case. Also, do not assume from anything I may have done or said during the trial that I have any opinion about any of the issues in this case or about what your verdict should be.

_____

Third Circuit Model Criminal Jury Instruction, No. 3.02 (2024).

<u>**GOVERNMENT'S REQUEST NO. 3**</u>

<u>**Direct and Circumstantial Evidence**</u>

Two types of evidence may be used in this trial, "direct evidence" and "circumstantial (or indirect) evidence." You may use both types of evidence in reaching your verdict.

"Direct evidence" is simply evidence which, if believed, directly proves a fact. An example of "direct evidence" occurs when a witness testifies about something the witness knows from his or her own senses — something the witness has seen, touched, heard, or smelled.

"Circumstantial evidence" is evidence which, if believed, indirectly proves a fact. It is evidence that proves one or more facts from which you could reasonably find or infer the existence of some other fact or facts. A reasonable inference is simply a deduction or conclusion that reason, experience, and common sense lead you to make from the evidence. A reasonable inference is not a suspicion or a guess. It is a reasoned, logical decision to find that a disputed fact exists on the basis of another fact.

For example, if a witness testified that she had been outside and saw that it was raining, that testimony would be direct evidence that it was raining. On the other hand, if a witness testified that she saw someone walk in from outside wearing a wet raincoat and carrying a wet umbrella, that testimony would be circumstantial evidence from which you could reasonably infer that it was raining. You would not have to find that it was raining, but you could.

Sometimes different inferences may be drawn from the same set of facts. The government may ask you to draw one inference, and the defense may ask you to draw another. You, and you alone, must decide what reasonable inferences you will draw based on all the evidence and your reason, experience and common sense.

You should consider all the evidence that is presented in this trial, direct and

circumstantial. The law makes no distinction between the weight that you should give to either direct or circumstantial evidence. It is for you to decide how much weight to give any evidence.

---

Third Circuit Model Criminal Jury Instruction, No. 3.03 (2024).

## GOVERNMENT'S REQUEST NO. 4

### Credibility of Witnesses – In General

As I stated in my preliminary instructions at the beginning of the trial, in deciding what the facts are you must decide what testimony you believe and what testimony you do not believe. You are the sole judges of the credibility of the witnesses. Credibility refers to whether a witness is worthy of belief: Was the witness truthful? Was the witness' testimony accurate? You may believe everything a witness says, or only part of it, or none of it.

You may decide whether to believe a witness based on his or her behavior and manner of testifying, the explanations the witness gave, and all the other evidence in the case, just as you would in any important matter where you are trying to decide if a person is truthful, straightforward, and accurate in his or her recollection. In deciding the question of credibility, remember to use your common sense, your good judgment, and your experience.

In deciding what to believe, you may consider a number of factors:

(1)    The opportunity and ability of the witness to see or hear or know the things about which the witness testified;

(2)    The quality of the witness' knowledge, understanding, and memory;

(3)    The witness' appearance, behavior, and manner while testifying;

(4)    Whether the witness has an interest in the outcome of the case or any motive, bias, or prejudice;

(5)    Any relation the witness may have with a party in the case and any effect the verdict may have on the witness;

(6)    Whether the witness said or wrote anything before trial that was different from the witness' testimony in court;

(7)     Whether the witness' testimony was consistent or inconsistent with other evidence that you believe; and

(8)     Any other factors that bear on whether the witness should be believed.

Inconsistencies or discrepancies in a witness' testimony or between the testimony of different witnesses may or may not cause you to disbelieve a witness' testimony. Two or more persons witnessing an event may simply see or hear it differently. Mistaken recollection, like failure to recall, is a common human experience. In weighing the effect of an inconsistency, you should also consider whether it was about a matter of importance or an insignificant detail. You should also consider whether the inconsistency was innocent or intentional.

You are not required to accept testimony even if the testimony was not contradicted and the witness was not impeached. You may decide that the witness is not worthy of belief because of the witness' bearing and demeanor, or because of the inherent improbability of the testimony, or for other reasons that are sufficient to you.

After you make your own judgment about the believability of a witness, you can then attach to that witness' testimony the importance or weight that you think it deserves.

The weight of the evidence to prove a fact does not necessarily depend on the number of witnesses who testified or the quantity of evidence that was presented. What is more important than numbers or quantity is how believable the witnesses were, and how much weight you think their testimony deserves.

---

Third Circuit Model Criminal Jury Instruction, No. 3.04 (2024).

**<u>GOVERNMENT'S REQUEST NO. 5</u>**

**<u>Credibility of Witnesses – Law Enforcement Officer</u>**

You have heard the testimony of a*(n)* law enforcement officer*(s)*. The fact that a witness is employed as a law enforcement officer does not mean that *(his)(her)* testimony necessarily deserves more or less consideration or greater or lesser weight than that of any other witness. *[At the same time, it is quite legitimate for defense counsel to try to attack the believability of a law enforcement witness on the ground that (his)(her) testimony may be colored by a personal or professional interest in the outcome of the case.]* You must decide, after reviewing all the evidence, whether you believe the testimony of the law enforcement witness and how much weight, if any, it deserves.

_____

Third Circuit Model Criminal Jury Instruction, No. 4.18 (2024).

**GOVERNMENT'S REQUEST NO. 6**

**Credibility of Witnesses - Witness Who Has Pleaded Guilty to Same or Related Offense, Accomplices, Immunized Witnesses, Cooperating Witnesses**

You have heard evidence that (*name of witness*) has made a plea agreement with the government. His testimony was received in evidence and may be considered by you. The government is permitted to present the testimony of someone who has reached a plea bargain with the government in exchange for his testimony, but you should consider the testimony of this person with great care and caution. In evaluating this person's testimony, you should consider this factor along with the others I have called to your attention. Whether or not his testimony may have been influenced by the plea agreement is for you to determine. You may give his testimony such weight as you think it deserves.

*You must not consider the person's guilty plea as evidence of Mr. Khalil's guilt or Mr. Jaghama's guilt. The person's decision to plead guilty was a personal decision about his own guilt. You should disregard the person's guilty plea completely when considering the guilt or innocence of Mr. Khalil and Mr. Jaghama. However, you may consider the person's guilty plea to determine how much, if at all, to rely upon his testimony, and for the purpose of explaining his firsthand knowledge of events.*

_____

Third Circuit Model Criminal Jury Instruction, Nos. 2.22, 4.19 (2024).

# GOVERNMENT'S REQUEST NO. 7

## Opinion Evidence – Expert Witnesses

The rules of evidence ordinarily do not permit witnesses to state their own opinions about important questions in a trial, but there are exceptions to these rules.

In this case, you heard testimony from Kendall Jones, Hannah Kastenbaum, Lee McCarthy, Juan Rosado-Marin, and Mark Sonnendecker. Because of the knowledge, skill, experience, training, or education of Special Agent Jones in the field of fire origin and cause investigation, Dr. Kastenbaum in the field of forensic pathology, Mr. McCarthy in the field of forensic engineering, Mr. Rosado-Marin in the field of electrical engineering, and Special Agent Sonnendecker in the field of cellular telephone record and historical cell site analysis, these individuals were permitted to offer opinion in those fields and the reasons for their opinions.

The opinions these witnesses stated should receive whatever weight you think appropriate, given all the other evidence in the case. In weighing this opinion testimony, you may consider the witness' qualifications, the reasons for the witness' opinions, and the reliability of the information supporting the witness' opinions, as well as the other factors discussed in these instructions for weighing the testimony of witnesses. You may disregard the opinions entirely if you decide that the witnesses' opinions are not based on sufficient knowledge, skill, experience, training, or education. You may also disregard the opinions if you conclude that the reasons given in support of the opinions are not sound, or if you conclude that the opinions are not supported by the facts shown by the evidence, or if you think that the opinions are outweighed by other evidence.

_____

Third Circuit Model Criminal Jury Instruction, No. 4.08 (2024).

**Witness Identification of the Defendants**

One of the most important issues in this case is whether the defendants are the same persons who committed the crimes charged in the indictment. The government, as I have explained, has the burden of proving every element, including identity, beyond a reasonable doubt. Although it is not essential that a witness testifying about the identification himself be free from doubt as to the accuracy or correctness of the identification, you must be satisfied beyond a reasonable doubt based on all the evidence in the case that the defendants are the persons who committed the crimes with which they were charged. If you are not convinced beyond a reasonable doubt that the defendants are the persons who committed the crimes with which they are charged, you must find them not guilty.

Identification testimony is, in essence, the expression of an opinion or belief by the witness. The value of the identification depends on the witness's opportunity to observe the persons who committed the crime at the time of the offense and the witness's ability to make a reliable identification at a later time based on those observations.

You must decide whether you believe the witness's testimony and whether you find beyond a reasonable doubt that the identification is correct. You should evaluate the testimony of a witness who makes an identification in the same manner as you would any other witness. In addition, as you evaluate a witness's identification testimony you should consider the following questions as well as any other questions you believe are important:

First, you should ask whether the witness was able to observe and had an adequate opportunity to observe the persons who committed the crime charged. Many factors affect whether a witness has an adequate opportunity to observe the persons committing the crime; the factors include the length of time during which the witness observed the persons, the distance

between the witness and the persons, the lighting conditions, how closely the witness was paying attention to the persons, whether the witness was under stress while observing the persons who committed the crime, whether the witness knew the persons from some prior experience, whether the witness and the persons committing the crime were of different races, and any other factors you regard as important.

Second, even if the witness's identification testimony is positive and unqualified, you should ask whether the witness's certainty is well-founded.

Third, you should ask whether the witness's identification of the defendants after the crime was committed was the product of the witness's own recollection. You may take into account both the strength of the later identification and the circumstances under which that identification was made. You may wish to consider how much time passed between the crime and the witness's later identification of the defendants. If the identification was made under circumstances that may have influenced the witness, you should examine that identification with great care.

Fourth, you should ask whether the witness failed to identify the defendants at any time, identified someone other than the defendants as the persons who committed the crime, or changed his or her mind about the identification at any time.

~~If after examining all of the evidence, you have a reasonable doubt as to whether *(name of defendant)* is the individual who committed the crime*(s)* charged, you must find *(name of defendant)* not guilty.~~

_____

Third Circuit Model Criminal Jury Instruction, No. 4.15 (2024) (modified) (last paragraph removed as duplicative and unduly suggesting that a conviction depends solely on eyewitness identification).

**Audio/Video Recordings - Consensual**

During the trial you heard *(audio)(video)* recordings of conversations with the defendant*(s)* made without *(his)(her)(their)* knowledge. These recordings were made with the consent and agreement of *(name)*, one of the other parties to the conversations.

The use of this procedure to gather evidence is lawful and the recordings may be used by either party.

_____

Third Circuit Model Criminal Jury Instruction, No. 4.04 (2022).

<u>**GOVERNMENT'S REQUEST NO. 10**</u>

<u>**Audio/Video Recordings - Transcripts**</u>

You have heard *(audio)(video)* recordings that were received in evidence, and you were given written transcripts of the recordings.

Keep in mind that the transcripts are not evidence. They were given to you only as a guide to help you follow what was being said. The recordings themselves are the evidence. If you noticed any differences between what you heard on the recordings and what you read in the transcripts, you must rely on what you heard, not what you read. And if you could not hear or understand certain parts of the recordings you must ignore the transcripts as far as those parts are concerned.

*[The transcripts name the speakers. But remember, you must decide who you actually heard speaking in the recording. The names on the transcript were used simply for your convenience.]*

_____

Third Circuit Model Criminal Jury Instruction, No. 4.06 (2022).

## GOVERNMENT'S REQUEST NO. 11

## Stipulation of Fact

The Government and the defendants have agreed that *(set forth stipulated fact(s))* *(is)(are)* true. You should therefore treat *(this fact)(these facts)* as having been proved. You are not required to do so, however, since you are the sole judge of the facts.

_____

Third Circuit Model Criminal Jury Instruction, Nos. 4.02 (2024).

**Defendant's Choice Not to Testify or Present Evidence**

The defendant did not testify *(did not present evidence)* in this case. The defendant has an absolute constitutional right not to testify *(or to present any evidence).* The burden of proof remains with the prosecution throughout the entire trial and never shifts to the defendant. The defendant is never required to prove that he is innocent. You must not attach any significance to the fact that the defendant did not testify. You must not draw any adverse inference against him because he did not take the witness stand. Do not consider, for any reason at all, the fact that the defendant did not testify. Do not discuss that fact during your deliberations or let it influence your decision in any way.

_____

Third Circuit Model Criminal Jury Instruction, No. 4.27 (2024).

**Defendant's Testimony**

In a criminal case, a defendant has a constitutional right not to testify. However, if he chooses to testify, he is, of course, permitted to take the witness stand on his own behalf. In this case, the defendant testified. You should examine and evaluate his testimony just as you would the testimony of any witness.

_____

Third Circuit Model Criminal Jury Instruction, No. 4.28 (2024).

**Not All Evidence, Not All Witnesses Needed**

Although the government is required to prove the defendant guilty beyond a reasonable doubt, the government is not required to present all possible evidence related to the case or to produce all possible witnesses who might have some knowledge about the facts of the case. In addition, as I have explained, the defendant is not required to present any evidence or produce any witnesses.

*[In this case, the defendant [presented evidence][produced witnesses]. The defendant is not required to present all possible evidence related to the case or to produce all possible witnesses who might have some knowledge about the facts of the case.]*

———————————

Third Circuit Model Criminal Jury Instruction, No. 3.05 (2024).

## GOVERNMENT'S REQUEST NO. 15

### Specific Investigative Techniques Not Required

During the trial you heard testimony of witnesses and argument by counsel that the government did not use specific investigative techniques such as *(mention omitted techniques that have been addressed in testimony or argument; e.g., fingerprint analysis, DNA analysis, the use of recording devices)*. You may consider these facts in deciding whether the government has met its burden of proof, because as I told you, you should look to all of the evidence or lack of evidence in deciding whether the defendant is guilty. However, there is no legal requirement that the government use any of these specific investigative techniques or all possible techniques to prove its case. There is no requirement to *(mention omitted techniques; e.g., attempt to take fingerprints or offer fingerprint evidence, gather DNA evidence or offer DNA analysis, or use recording devices or offer recordings in evidence)*.

Your concern, as I have said, is to determine whether or not the evidence admitted in this trial proves the defendant's guilt beyond a reasonable doubt.

_____

*See* 3rd Circuit Model Criminal Jury Instructions, No. 4.14 (2024).

## GOVERNMENT'S REQUEST NO. 16

### Presumption of Innocence – Burden of Proof – Reasonable Doubt

The defendant pleaded not guilty to the offense charged. The defendant is presumed to be innocent. He started the trial with a clean slate, with no evidence against him. The presumption of innocence stays with the defendant unless and until the government has presented evidence that overcomes that presumption by convincing you that the defendant is guilty of the offense charged beyond a reasonable doubt. The presumption of innocence requires that you find the defendant not guilty, unless you are satisfied that the government has proved guilt beyond a reasonable doubt.

The presumption of innocence means that the defendant has no burden or obligation to present any evidence at all or to prove that he is not guilty. The burden or obligation of proof is on the government to prove that the defendant is guilty and this burden stays with the government throughout the trial.

In order for you to find the defendant guilty of the offense charged, the government must convince you that the defendant is guilty beyond a reasonable doubt. That means that the government must prove each and every element of the offense charged beyond a reasonable doubt. A defendant may not be convicted based on suspicion or conjecture, but only on evidence proving guilt beyond a reasonable doubt.

Proof beyond a reasonable doubt does not mean proof beyond all possible doubt or to a mathematical certainty. Possible doubts or doubts based on conjecture, speculation, or hunch are not reasonable doubts. A reasonable doubt is a fair doubt based on reason, logic, common sense, or experience. It is a doubt that an ordinary reasonable person has after carefully weighing all of the evidence, and is a doubt of the sort that would cause him or her to hesitate to act in matters of

importance in his or her own life. It may arise from the evidence, or from the lack of evidence, or from the nature of the evidence.

If, having now heard all the evidence, you are convinced that the government proved each and every element of the offense charged beyond a reasonable doubt, you should return a verdict of guilty for that offense. However, if you have a reasonable doubt about one or more of the elements of the offense charged, then you must return a verdict of not guilty of that offense.

_____

Third Circuit Model Criminal Jury Instruction, No. 3.06 (2024).

**On or About**

  You will note that the indictment charges that the offense was committed "on or about" a certain date. The Government does not have to prove with certainty the exact date of the alleged offense. It is sufficient if the Government proves beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged.

_____

Third Circuit Model Criminal Jury Instruction, No. 3.08 (2024).

**Separate Consideration – Multiple Defendants Charged with Different Offenses**

The defendants are charged with different offenses. I will explain to you in more detail shortly which defendants are charged with which offenses. Before I do that, however, I want to emphasize several things.

The number of offenses charged is not evidence of guilt, and this should not influence your decision in any way. Also, in our system of justice, guilt or innocence is personal and individual. You must separately consider the evidence against each defendant on each offense charged, and you must return a separate verdict for each defendant for each offense. For each defendant and each offense, you must decide whether the government has proved beyond a reasonable doubt that a particular defendant is guilty of a particular offense.

Your decision on any one defendant or any one offense, whether guilty or not guilty, should not influence your decision on any of the other defendants or offenses. Each offense and each defendant should be considered separately.

---

Third Circuit Model Criminal Jury Instruction, No. 3.15 (2024).

**Nature of the Indictment**

As you know, the defendants are charged in the indictment with violating federal law, specifically:

Count One of the Indictment charges the defendants with conspiracy to commit malicious damage by means of fire of a building used in interstate commerce and in activities affecting interstate commerce, in violation of Title 18, United States Code, Section 844(n).

Count Two charges the defendants with malicious damage by means of fire of a building used in interstate commerce, and aiding and abetting, in violation of Title 18, United States Code, Sections 844(i) and 2.

Count Three charges defendant Al-Ashraf Khalil with wire fraud, in violation of Title 18, United States Code, Section 1343.

Count Four charges defendant Khalil with use of fire to commit a felony, in violation of Title 18, United States Code, Section 844(h).

As I explained at the beginning of trial, an indictment is just the formal way of specifying the exact crimes the defendant is accused of committing. An indictment is simply a description of the charges against the defendants. It is an accusation only. An indictment is not evidence of anything, and you should not give any weight to the fact that the defendants have been indicted in making your decision in this case.

---

Third Circuit Model Criminal Jury Instruction, No. 3.07 (2024).

**Count One – Conspiracy to Maliciously Damage By Means of Fire Property Used in Interstate Commerce and in Activities Affecting Interstate Commerce (18 U.S.C. § 844(n))**

Count One of the indictment charges that from on or about May 2022 through on or about June 22, 2022, in the Eastern District of Pennsylvania and elsewhere, each defendant agreed or conspired with one or more other persons to commit an offense against the United States, namely to maliciously damage and destroy by means of fire, a building used in interstate commerce and in activities affecting interstate commerce, in violation of Title 18, United States Code, Section 844(i), and that, to further the objective of the conspiracy, at least one member of the conspiracy committed at least one overt act, as alleged in the indictment.

It is a federal crime for two or more persons to agree or conspire to commit any offense against the United States, even if they never actually achieve their objective. A conspiracy is a kind of criminal partnership.

In order for you to find the defendant guilty of conspiracy to commit an offense against the United States, you must find that the government proved beyond a reasonable doubt each of the following three (3) elements:

First:        That two or more persons agreed to commit an unlawful act, in this case, to maliciously damage or destroy by means of fire, a building and property used in interstate commerce or in activities affecting interstate commerce, in violation of Title 18, United States Code, Section 844(i);

Second:      That the defendant was a knowing and willful party to or member of that agreement;

Third:       That at some time during the existence of the agreement or conspiracy, at least one of its members performed an overt act in order to further the

objectives of the agreement.

*Additionally, there are special interrogatories as part of your verdict sheet that you will be asked to decide, if you find the defendant guilty of conspiracy to maliciously damage or destroy by means of fire, a building and property used in interstate commerce and activities affecting interstate commerce. These special interrogatories ask you to determine 1) if the government has proven beyond a reasonable doubt that a person was killed as a direct and proximate cause of the fire; and 2) if at least one other person suffered personal injuries as a direct and proximate cause of the fire. If you determine the government has proved this beyond a reasonable doubt, you should select "yes." If you determine the government has not proved this beyond a reasonable doubt, you should select "no."*

I will explain each of these elements in more detail.

---

Third Circuit Model Criminal Jury Instruction, No. 6.18.371A (2021) and Jury Instruction from *United States v. Joseph Dougherty*, Crim. No. 14-69 (Baylson, J.) (modified to include the interrogatories), as well as the Court's ruling in the instant matter on November 28, 2023.

## GOVERNMENT'S REQUEST NO. 21

## Conspiracy – Existence of an Agreement

The first element of the crime of conspiracy is the existence of an agreement. The government must prove beyond a reasonable doubt that two or more persons knowingly and intentionally arrived at a mutual understanding or agreement, either spoken or unspoken, to work together to achieve the overall objective of the conspiracy, to commit the offense of maliciously damaging property used in interstate commerce by means of fire.

The government does not have to prove the existence of a formal or written agreement, or an express oral agreement spelling out the details of the understanding. The government also does not have to prove that all the members of the conspiracy directly met, or discussed between themselves their unlawful objective, or agreed to all the details, or agreed to what the means were by which the objective would be accomplished. The government is not even required to prove that all the people named in the indictment were, in fact, parties to the agreement, or that all members of the alleged conspiracy were named, or that all members of the conspiracy are even known. What the government must prove beyond a reasonable doubt is that two or more persons in some way or manner arrived at some type of agreement, mutual understanding, or meeting of the minds to try to accomplish a common and unlawful objective.

You may consider both direct evidence and circumstantial evidence in deciding whether the government has proved beyond a reasonable doubt that an agreement or mutual understanding existed. You may find the existence of a conspiracy based on reasonable inferences drawn from the actions and statements of the alleged members of the conspiracy, from the circumstances surrounding the scheme, and from evidence of related facts and circumstances which prove that the activities of the participants in a criminal venture could not have been

carried out except as the result of a preconceived agreement, scheme, or understanding.

---

Third Circuit Model Criminal Jury Instruction, No. 6.18.371C (2021).

**Conspiracy – Membership in the Agreement**

If you find that a criminal agreement or conspiracy existed, then in order to find the defendant guilty of conspiracy you must also find that the government proved beyond a reasonable doubt that the defendant knowingly and intentionally joined that agreement or conspiracy during its existence. The government must prove that the defendant knew the goal or objective of the agreement or conspiracy and voluntarily joined it during its existence, intending to achieve the common goal or objective and to work together with the other alleged conspirators toward that goal or objective.

The government need not prove that the defendant knew everything about the conspiracy or that he knew everyone involved in it, or that he was a member from the beginning. The government also does not have to prove that the defendant played a major or substantial role in the conspiracy.

You may consider both direct evidence and circumstantial evidence in deciding whether the defendant joined the conspiracy, knew of its criminal objective, and intended to further the objective. Evidence which shows that the defendant only knew about the conspiracy, or only kept "bad company" by associating with members of the conspiracy, or was only present when it was discussed or when a crime was committed, is not sufficient to prove that the defendant was a member of the conspiracy even if the defendant approved of what was happening or did not object to it. Likewise, evidence showing that the defendant may have done something that happened to help a conspiracy does not necessarily prove that he joined the conspiracy. You

may, however, consider this evidence, with all the other evidence, in deciding whether the government proved beyond a reasonable doubt that the defendant joined the conspiracy.

_____

Third Circuit Model Criminal Jury Instruction, No. 6.18.371D (2021).

**Conspiracy – Mental States**

In order to find the defendant guilty of conspiracy you must find that the government proved beyond a reasonable doubt that the defendant joined the conspiracy knowing of its objective and intending to help further or achieve that objective. That is, the government must prove: (1) that the defendant knew of the objective or goal of the conspiracy, (2) that the defendant joined the conspiracy intending to help further or achieve that goal or objective, and (3) that the defendant and at least one other alleged conspirator shared a unity of purpose toward that objective or goal.

You may consider both direct evidence and circumstantial evidence, including the defendant's words or conduct and other facts and circumstances, in deciding whether the defendant had the required knowledge and intent. For example, evidence that the defendant derived some benefit from the conspiracy or had some stake in the achievement of the conspiracy's objective might tend to show that the defendant had the required intent or purpose that the conspiracy's objective be achieved.

---

Third Circuit Model Criminal Jury Instruction, No. 6.18.371E (2021).

**Conspiracy – Overt Acts**

With regard to the third element of conspiracy – overt acts – the government must prove beyond a reasonable doubt that during the existence of the conspiracy at least one member of the conspiracy performed at least one of the overt acts described in the indictment, for the purpose of furthering or helping to achieve the objective of the conspiracy.

The indictment alleges certain overt acts. The government does not have to prove that all of these acts were committed or that any of these acts were themselves illegal. Also, the government does not have to prove that the defendant personally committed any of the overt acts. The government must prove beyond a reasonable doubt that at least one member of the conspiracy committed at least one of the overt acts alleged in the indictment and committed it during the time that the conspiracy existed, for the purpose of furthering or helping to achieve the objective of the conspiracy. You must unanimously agree on the overt act that was committed.

---

Third Circuit Model Criminal Jury Instruction, No. 6.18.371F (2021).

**Conspiracy – Success Immaterial**

      The government is not required to prove that any of the members of the conspiracy were successful in achieving any or all of the objective of the conspiracy. You may find the defendant guilty of conspiracy if you find that the government proved beyond a reasonable doubt the elements I have explained, even if you find that the government did not prove that any of the conspirators actually committed any other offense against the United States. Conspiracy is a criminal offense separate from the offenses that were the objective of the conspiracy; conspiracy is complete without the commission of those offenses.

---

Third Circuit Model Criminal Jury Instruction, No. 6.18.371G (2021).

**Conspiracy – Duration**

A conspiracy ends when the objectives of the conspiracy have been achieved or when all members of the conspiracy have withdrawn from it. However, a conspiracy may be a continuing conspiracy and if it is, it lasts until there is some affirmative showing that it has ended or that all its members have withdrawn. A conspiracy may be a continuing one if the agreement includes an understanding that the conspiracy will continue over time. Also, a conspiracy may have a continuing purpose or objective and, therefore, may be a continuing conspiracy.

_____

Third Circuit Model Criminal Jury Instruction, No. 6.18.371I (2021).

**Conspiracy – Acts and Statements of Co-Conspirators**

Evidence has been admitted in this case that certain persons, who are alleged to be co-conspirators of the defendants, did or said certain things. The acts or statements of any member of a conspiracy are treated as the acts or statements of all the members of the conspiracy, if these acts or statements were performed or spoken during the existence of the conspiracy and to further the objectives of the conspiracy.

Therefore, you may consider as evidence against the defendants any acts done or statements made by any members of the conspiracy, during the existence of and to further the objectives of the conspiracy. You may consider these acts and statements even if they were done and made in the defendant's absence and without his/their knowledge. As with all the evidence presented in this case, it is for you to decide whether you believe this evidence and how much weight to give it.

[*Acts done or statements made by an alleged co-conspirator before a defendant joined the alleged conspiracy may also be considered by you as evidence against the defendant. However, acts done or statements made before the alleged conspiracy began or after it ended may only be considered by you as evidence against the person who performed that act or made that statement.*]

---

Third Circuit Model Criminal Jury Instruction, No. 6.18.371K (2021).

**GOVERNMENT'S REQUEST NO. 28**

**Definitions of "Maliciously," "Personal Injury," and "Direct and Proximate Result"**

The defendants are charged with conspiring to maliciously damage or destroy 300 West Indiana Avenue by means of fire. "Maliciously" means that *the defendants* acted either intentionally or with willful disregard of the likelihood that damage or destruction would result, and not mistakenly or carelessly. The defendants *and other members of the conspiracy* need not have intended to injure or kill anyone.

~~The term "explosive" means~~ *~~(insert appropriate definition from~~* ~~18 U.S.C. § 844(j)~~ *~~or 18~~* ~~U.S.C. § 232(5)~~*~~)~~.~~

As I have stated, your verdict sheet contains interrogatories asking if death or personal injury to a victim was the direct and proximate result of the fire. Personal injury means any injury, no matter how temporary. It includes physical pain as well as any burn, cut, abrasion, bruise, disfigurement, illness, or impairment of a bodily function.

Direct result means that the injury and/or death would not have occurred without the defendants' conduct. Proximate result means that the injury and/or death were a reasonably foreseeable result of the defendants' conduct, that the injuries and/or death could have been expected to follow as a natural consequence of the defendants' offenses, and that the injuries and/or death resulted from the defendants' offenses in a real and meaningful way. You do not have to find that the defendants intended to kill or injure anyone.

---

Pattern Criminal Jury Instructions, 5th Circuit 2.37B (2024) (modified*); United States v. Gonzalez*, 905 F.3d 165, 189 (3d Cir. 2018) (defining "direct result"); as well as the Court's ruling in the instant matter on November 28, 2023.

**GOVERNMENT'S REQUEST NO. 29**

**Property Used in or Affecting Interstate Commerce**

The conspiracy the defendants are charged with requires that the government must prove beyond a reasonable doubt that the property which was damaged or destroyed was property used in interstate commerce or in an activity affecting interstate commerce.

"Interstate commerce" means commerce which affects more than one state. It includes commercial activity between any place in one state and another place outside that state. It also includes commercial activity wholly within one state but which has a substantial effect on commerce between or among the states. For example, if the property was used for the sale of merchandise, including food or drink, which had moved in interstate commerce, it would be used in interstate commerce.

A piece of property is "used in an activity affecting interstate commerce" if the property is actively employed for commercial purpose, and that active employment has an effect on interstate commerce. A piece of property is not used in an activity affecting interstate commerce if the property merely has a passive, passing, or past connection to commerce. The defendant or another member of the conspiracy need not have been aware that the property was used in an activity affecting interstate commerce for you to find him guilty.

Business-related property, as opposed to residential property, is considered as being used in or affecting interstate commerce if, at the time it was damaged or destroyed, it was actively used for some commercial purpose. ~~A merely passive or past connection or a possible future connection to interstate commerce is not sufficient to satisfy this requirement.~~ (*If applicable:* ~~Even if the property was vacant at the time it was destroyed, it may still be used in or~~

39

affecting interstate commerce if the owner was actively seeking to rent or otherwise return the property to an active commercial or business use or purpose.)

Property used for residential purposes may also be considered as being used in or affecting interstate commerce in some circumstances. Under the statute, rental residential property is included as property affecting interstate commerce. (*If applicable:* Even if the property was vacant at the time it was destroyed, it may still be property affecting interstate commerce if you find that the owner did not intend to remove it from the rental market.) However, a privately owned owner-occupied residence not used for any commercial purpose does not satisfy this element.

The government does not have to prove that the materials used to destroy or damage the building were in interstate commerce. The government also does not have to prove that the defendant knew that the property was actively used for some commercial purpose.

If you find, therefore, that the government has proven beyond a reasonable doubt that the property in question comes within the definition of "property used in interstate commerce or in activities affecting interstate commerce" as I have just described it to you, ~~the second element of the offense is satisfied,~~ *you may find the conspiracy concerned a building or property used in interstate commerce*.

---

Modern Federal Jury Instructions – Instruction 30-4 (2024)(modified) and Pattern Criminal Jury Instructions, 5th Circuit 2.37B (2019).

**GOVERNMENT'S REQUEST NO. 30**

**Count Two – Malicious Damage by Means of Fire of a Building Used in Interstate Commerce and in Activities Affecting Interstate Commerce (18 U.S.C. § 844(i))**

Count Two charges the defendants with violating Title 18, United States Code, Section 844(i), which makes it a crime for anyone to maliciously damage or destroy by means of fire any building used in interstate commerce or used in any activity affecting interstate commerce.

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following three elements beyond a reasonable doubt:

First:        That the defendants maliciously damaged or destroyed the building located at 300 W Indiana Avenue in Philadelphia;

Second:    That he/they did so by fire; and

Third:       That at the time of the fire, the building was used in interstate commerce or in an activity affecting interstate commerce.

*Additionally, there are special interrogatories as part of your verdict sheet that you will be asked to decide, if you find the defendant(s) guilty of maliciously damaging or destroying, or attempted to do so, by means of fire, a building and property used in interstate commerce and activities affecting interstate commerce. These special interrogatories ask you to determine 1) if the government has proven beyond a reasonable doubt that a person was killed as a direct and proximate cause of the fire; and 2) if at least one other person suffered personal injuries as a direct and proximate cause of the fire. If you determine the government has proved this beyond a reasonable doubt, you should select "yes." If you determine the government has not proved this beyond a reasonable doubt, you should select "no."*

_____
Eighth Circuit Model Criminal Jury Instructions § 6.18.844 (modified), and this Court's ruling on November 28, 2023

41

## GOVERNMENT'S REQUEST NO. 31

### First Element—Malicious Damage or Destruction of Property

The first element of Count Two is that the defendants maliciously damaged or destroyed, or attempted to damage or destroy, the building located at 300 W Indiana Avenue.

As I have stated, "maliciously" means that the defendants acted either intentionally or with willful disregard of the likelihood that damage would result, and not mistakenly or carelessly. The defendants need not have intended to injure or kill anyone.

---

Pattern Criminal Jury Instructions, 5th Circuit 2.37B (2024).

**Second Element – Use of Fire**

 Second, that the defendants did so by means of fire.

_____

Pattern Criminal Jury Instructions, 5th Circuit 2.37B (2024).

## GOVERNMENT'S REQUEST NO. 33

### Third Element – Interstate Commerce

The third element of Count Two is that at the time of the fire, the building at 300 West Indiana Avenue was used in interstate commerce or was used in an activity affecting interstate commerce. I have previously instructed you on the definitions of a property being used in or affecting interstate commerce.

_____

Instruction contained at Government Request No. 29

**Death or Personal Injury**

If the government proves the three elements I just read as to each defendant, then you must find the defendants guilty as to Count Two.

If you find the defendant or defendants guilty as to Count Two, then you will next answer two interrogatories as to whether: (1) the defendants' conduct resulted in the death of Sean Williamson; and (2) the defendants' conducted resulted in personal injury to at least one person.

As I have stated, your verdict sheet contains interrogatories asking if death or personal injury to a victim was the direct and proximate result of the fire. Personal injury means any injury, no matter how temporary. It includes physical pain as well as any burn, cut, abrasion, bruise, disfigurement, illness, or impairment of a bodily function.

Direct result means that the injury and/or death would not have occurred without the defendants' conduct. Proximate result means that the injury and/or death were a reasonably foreseeable result of the defendants' conduct, that the injuries and/or death could have been expected to follow as a natural consequence of the defendants' offenses, and that the injuries and/or death resulted from the defendants' offenses in a real and meaningful way. You do not have to find that the defendants intended to kill or injure anyone.

---

Pattern Criminal Jury Instructions, 5th Circuit 2.37B (2024) (modified); *United States v. Gonzalez*, 905 F.3d 165, 189 (3d Cir. 2018) (defining "direct result"); as well as the Court's ruling in the instant matter on November 28, 2023.

**GOVERNMENT'S REQUEST NO. 35**

**Count Three - Wire Fraud - Elements of the Offense (18 U.S.C. § 1343)**

Count Three of the indictment charges Defendant Al-Ashraf Khalil with wire fraud, which is a violation of federal law.

In order to find defendant Khalil guilty of this offense, you must find that the government proved each of the following three elements beyond a reasonable doubt:

| | |
|---|---|
| First: | That the defendant knowingly devised a scheme to defraud or to obtain money or property by materially false or fraudulent pretenses, representations or promises *(or willfully participated in such a scheme with knowledge of its fraudulent nature)*; |
| Second: | That the defendant acted with the intent to defraud; and |
| Third: | That in advancing, furthering, or carrying out the scheme, the defendant transmitted any writing, signal, or sound by means of a wire, radio, or television communication in interstate commerce or caused the transmission of any writing, signal, or sound of some kind by means of a wire, radio, or television communication in interstate commerce. |

---

Third Circuit Model Criminal Jury Instruction, No. 6.18.1343 (2024).

**"Scheme to Defraud or to Obtain Money or Property" Defined**

The first element that the government must prove beyond a reasonable doubt is that the defendant knowingly devised (or willfully participated in) a scheme to defraud the victim, State Farm Fire and Casualty Company, of money or property by materially false or fraudulent pretenses, representations or promises.

A "scheme" is merely a plan for accomplishing an object.

"Fraud" is a general term which embraces all the various means by which one person can gain an advantage over another by false representations, suppression of the truth, or deliberate disregard for the truth.

Thus, a "scheme to defraud" is any plan, device, or course of action to deprive another of money or property by means of false or fraudulent pretenses, representations or promises reasonably calculated to deceive persons of average prudence.

In this case, the indictment alleges that the scheme to defraud was carried out by making false or fraudulent statements, representations, claims, or documents. The representations which the government charges were made as part of the scheme to defraud are set forth in the indictment *(which I have already read to you)*. The government is not required to prove every misrepresentation charged in the indictment. It is sufficient if the government proves beyond a reasonable doubt that one or more of the alleged material misrepresentations were made in furtherance of the alleged scheme to defraud. However, you cannot convict the defendant unless all of you agree as to at least one of the material misrepresentations.

A statement, representation, claim or document is false if it is untrue when made and if the person making the statement, representation, claim or document or causing it to be made

knew it was untrue at the time it was made.

A representation or statement is fraudulent if it was falsely made with the intention to deceive.

In addition, deceitful statements of half-truths or the concealment of material facts or the expression of an opinion not honestly entertained may constitute false or fraudulent statements. The arrangement of the words, or the circumstances in which they are used may convey the false and deceptive appearance.

The deception need not be premised upon spoken or written words alone. If there is deception, the manner in which it is accomplished is immaterial.

The false or fraudulent representation or failure to disclose must relate to a material fact or matter. A material fact is one which would reasonably be expected to be of concern to a reasonable and prudent person in relying upon the representation or statement in making a decision (*on whether to pay out an insurance claim*).

This means that if you find that a particular statement of fact was false, you must determine whether that statement was one that a reasonable person might have considered important in making his or her decision. The same principle applies to fraudulent half-truths or omissions of material facts.

In order to establish a scheme to defraud, the government must also prove that the alleged scheme contemplated depriving another of money or property.

However, the government is not required to prove that the defendant himself originated the scheme to defraud. Furthermore, it is not necessary that the government prove that the defendant actually realized any gain from the scheme or that the intended victim actually suffered any loss.

If you find that the government has proved beyond a reasonable doubt that the scheme to defraud charged in the indictment did exist and that the defendant knowingly devised or participated in the scheme charged in the indictment, you should then consider the second element.

_____

Third Circuit Model Criminal Jury Instruction, No. 6.18.1341-1 (2024) (modified).

**"Intent to Defraud" Defined**

The second element that the government must prove beyond a reasonable doubt is that the defendant acted with the specific intent to defraud.

To act with an "intent to defraud" means to act knowingly and with the intention or the purpose to deceive or to cheat.

In considering whether the defendant acted with an intent to defraud, you may consider, among other things, whether the defendant acted with a desire or purpose to bring about some gain or benefit to himself or someone else or with a desire or purpose to cause some loss to someone.

_____

Third Circuit Model Criminal Jury Instruction, No. 6.18.1341-4 (2024).

## GOVERNMENT'S REQUEST NO. 38

**"Transmits by means of wire, radio, or television communication in interstate commerce" Defined**

The third element that the government must prove beyond a reasonable doubt is that in advancing, furthering, or carrying out the scheme, the defendant transmitted a writing, signal, or sound by means of a wire, radio, or television communication in interstate commerce or caused the transmission of a writing, signal, or sound of some kind by means of a wire, radio, or television communication in interstate commerce.

The phrase "transmits by means of wire, radio, or television communication in interstate commerce" means to send from one state to another by means of telephone or telegraph lines or by means of radio or television. The phrase includes a telephone conversation by a person in one state with a person in another state, or electronic signals sent from one state to another, such as by fax or financial wire. The use of the Internet to send a message, such as an e-mail, or to communicate with a web site may constitute a wire transmission in interstate commerce.

The government is not required to prove that the defendant actually used a wire communication in interstate commerce or that defendant Khalil even intended that anything be transmitted in interstate commerce by means of a wire, radio, or television communication to further, or to advance, or to carry out the scheme or plan for obtaining money by means of false or fraudulent pretenses, representations, or promises.

However, the government must prove beyond a reasonable doubt that a transmission by a wire, radio, or television communication facility in interstate commerce was, in fact, used in some manner to further, or to advance, or to carry out the scheme to defraud. The government must also prove either that the defendant used wire, radio, or television communication in interstate commerce, or that the defendant knew the use of the wire, radio, or television

51

communication in interstate commerce would follow in the ordinary course of business or events, or that the defendant should reasonably have anticipated that wire, radio, or television communication in interstate commerce would be used.

It is not necessary that the information transmitted by means of wire, radio, or television communication in interstate commerce itself was false or fraudulent or contained any false or fraudulent pretense, representation, or promise, or contained any request for money or thing of value.

However, the government must prove beyond a reasonable doubt that the use of the wire, radio, or television communication in interstate commerce furthered, or advanced, or carried out, in some way, the scheme.

---

Third Circuit Model Criminal Jury Instruction, No. 6.18.1343-1 (2024) (modified).

## GOVERNMENT'S REQUEST NO. 39

### Knowingly

The offense of wire fraud charged in the indictment requires that the government prove that the defendant acted "knowingly" with respect to elements of the offense. A person acts "knowingly" if that person acts voluntarily and intentionally and not because of mistake or accident or other innocent reason. This means that the government must prove beyond a reasonable doubt that the defendant was conscious and aware of the nature of his actions and of the surrounding facts and circumstances, as specified in the definition of the offense charged.

In deciding whether the defendant acted "knowingly," you may consider evidence about what the defendant said, what the defendant did and failed to do, how the defendant acted, and all the other facts and circumstances shown by the evidence that may prove what was in the defendant's mind at that time.

The government is not required to prove that the defendant knew his acts were against the law.

_____

Third Circuit Model Criminal Jury Instruction, No. 5.02 (2024).

**Attempt**

Defendant Al-Ashraf Khalil is also charged with attempt to commit the crime of wire fraud. An attempt to commit wire fraud is a federal crime even though the defendant did not actually complete the crime of wire fraud.

In order to find the defendant guilty of attempt to commit wire fraud, you must find that the government proved beyond a reasonable doubt each of the following two (2) elements:

First:        That the defendant intended to commit the crime of wire fraud, as I have defined that offense; and

Second:        That the defendant performed an act constituting a substantial step toward the commission of wire fraud which strongly corroborates or confirms that the defendant intended to commit that crime.

With respect to the first element of attempt, you may not find the defendant guilty of attempt to commit wire fraud merely because he thought about it. You must find that the evidence proved beyond a reasonable doubt that the defendant's mental state passed beyond the stage of thinking about the crime to actually intending to commit it.

With respect to the substantial step element, you may not find the defendant guilty of attempt to commit wire fraud merely because he made some plans to or some preparation for committing that crime. Instead, you must find that the defendant took some firm, clear, undeniable action to accomplish his intent to commit wire fraud. However, the substantial step

element does not require the government to prove that the defendant did everything except the

last act necessary to complete the crime.

_____

Third Circuit Model Criminal Jury Instruction, No. 7.01 (2021).

**Count Four – Use of Fire to Commit a Felony (18 U.S.C. § 844(h))**

Count Four charges Defendant Al-Ashraf Khalil with the crime of using fire to commit a felony.

In order to sustain this charge, the government must prove each of the following elements beyond a reasonable doubt:

First:     That the defendant committed a felony for which he may be prosecuted in a court of the United States.

Second:     That the defendant used fire to commit that felony.

_____

Modern Federal Jury Instructions – Instructions 30-7 and 30-8 (2024) (modified).

## GOVERNMENT'S REQUEST NO. 42

### First Element—Commission of the Predicate Crime

The first element that the government must prove beyond a reasonable doubt is that the defendant committed a felony for which he may be prosecuted in a court of the United States.

Defendant is charged in Count Three of the indictment with committing the crime of wire fraud. I instruct you that the crime of wire fraud is a felony for which he might be prosecuted in a court of the United States. However, it is for you to determine that the government has proven beyond a reasonable doubt that the defendant committed the crime of wire fraud as charged.

In reaching your verdict on Count Four, you may consider the evidence of Count Three only for the purpose of determining whether the elements of Count Four have been satisfied. You may not consider for the purposes of Count Four any evidence which relates to any count other than Count Three.

---

Modern Federal Jury Instructions – Instruction 30-9 (2024) (modified).

**Second Element—Use of Fire or Explosive**

The second element the government must prove beyond a reasonable doubt is that the defendant used fire to commit the crime charged in Count Three.

Under this statute, to use fire to commit a crime means to use it in such a way that it was an integral part of the commission of the crime, and not something incidental or independent or that merely happened to facilitate or assist in the commission of the crime.

To satisfy this element, you must also find that the defendant knowingly used fire. This means that he used fire purposely and voluntarily, and not by accident or mistake.

---

Modern Federal Jury Instructions – Instruction 30-10 (2024) (modified).

**Accomplice Liability: Aiding and Abetting (18 U.S.C. § 2(a))**

A person may be guilty of an offense because he personally committed the offense himself or because he aided and abetted another person in committing the offense. A person who has aided and abetted another person in committing an offense is often called an accomplice. The person whom the accomplice aids and abets is known as the principal.

In order to find either defendant guilty of Count Two, or defendant Khalil guilty of Count Four, because he aided and abetted his co-defendant or another person in committing these offenses, you must find that the government proved beyond a reasonable doubt each of following four (4) requirements:

First: That the principal committed the offenses charged by committing each of the elements of the offenses charged, as I have explained those elements to you in these instructions;

Second: That the accomplice knew that the offenses charged were going to be committed or were being committed by the principal;

Third: That the accomplice knowingly did some act for the purpose of aiding, assisting, soliciting, facilitating, or encouraging the principal in committing the specific offenses charged and with the intent that the principal commit those specific offenses; and

Fourth: That the accomplice performed an act in furtherance of the offenses charged.

In deciding whether an accomplice had the required knowledge and intent to satisfy the third requirement for aiding and abetting, you may consider both direct and circumstantial

59

evidence including the accomplice's words and actions and the other facts and circumstances. However, evidence that an accomplice merely associated with a person involved in a criminal venture or was merely present or was merely a knowing spectator during the commission of the offenses is not enough for you to find the accomplice guilty as an aider and abetter. If the evidence shows that an accomplice knew that the offense was being committed or was about to be committed, but does not also prove beyond a reasonable doubt that it was the accomplice's intent and purpose to aid, assist, encourage, facilitate, or otherwise associate himself with the offense, you may not find the accomplice guilty of the offenses as an aider and abettor. The government must prove beyond a reasonable doubt that the accomplice in some way participated in the offense committed by the principal as something the accomplice wished to bring about and to make succeed.

To show that an accomplice performed acts in furtherance of the offenses charged, to satisfy the fourth requirement, the government needs to show some affirmative participation by the accomplice which at least encouraged the principal to commit the offenses. That is, you must find that the accomplice's acts did, in some way, aid, assist, facilitate, or encourage the principal to commit the offenses. The accomplice's acts need not further aid, assist, facilitate, or encourage every part or phase or element of the offenses charged; it is enough if the accomplice's acts further aid, assist, facilitate, or encourage only one part or phase or element of the offenses. Also, the accomplice's acts need not themselves be against the law.

---

Third Circuit Model Criminal Jury Instruction, No. 7.02 (2021) (modified).

**Motive Explained**

Motive is not an element of the offense with which the defendant is charged. Proof of bad motive is not required to convict. Further, proof of bad motive alone does not establish that a defendant is guilty and proof of good motive alone does not establish that a defendant is not guilty. Evidence of a defendant's motive may, however, help you find a defendant's intent.

Intent and motive are different concepts. Motive is what prompts a person to act. Intent refers only to the state of mind with which the particular act is done.

Personal advancement and financial gain, for example, are motives for much of human conduct. However, these motives may prompt one person to intentionally do something perfectly acceptable while prompting another person to intentionally do an act that is a crime.

_____

Third Circuit Model Criminal Jury Instruction, No. 5.04 (2024).

## GOVERNMENT'S REQUEST NO. 46

### Election of Foreperson – Unanimous Verdict – Do Not Consider Punishment – Duty to Deliberate – Communication with Court

That concludes my instructions explaining the law regarding the testimony and other evidence, and the offenses charged. Now let me explain some things about your deliberations in the jury room, and your possible verdicts.

First: The first thing that you should do in the jury room is choose someone to be your foreperson. This person will speak for the jury here in court. He or she will also preside over your discussions. However, the views and vote of the foreperson are entitled to no greater weight than those of any other juror.

Second: I want to remind you that your verdict, whether it is guilty or not guilty, must be unanimous. To find the defendant guilty of an offense, every one of you must agree that the government has overcome the presumption of innocence with evidence that proves each element of that offense beyond a reasonable doubt. To find the defendant not guilty, every one of you must agree that the government has failed to convince you beyond a reasonable doubt.

Third: If you decide that the government has proved the defendant guilty, then it will be my responsibility to decide what the appropriate punishment should be. You should never consider the possible punishment in reaching your verdict.

Fourth: As I have said before, your verdict must be based only on the evidence received in this case and the law I have given to you. You should not take anything I may have said or done during trial as indicating what I think of the evidence or what I think your verdict should be. What the verdict should be is the exclusive responsibility of the jury.

Fifth: Now that all the evidence is in, the arguments are completed, and once I have finished these instructions, you are free to talk about the case in the jury room. In fact, it is your

duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement. Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say. Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong. But do not ever change your mind just because other jurors see things differently, or just to get the case over with. In the end, your vote must be exactly that-- your own vote. It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience. Listen carefully to what the other jurors have to say, and then decide for yourself if the government has proved the defendant guilty beyond a reasonable doubt.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say. You should all feel free to speak your minds.

Remember, if you elected to take notes during the trial, your notes should be used only as memory aids. You should not give your notes greater weight than your independent recollection of the evidence. You should rely upon your own independent recollection of the evidence or lack of evidence and you should not be unduly influenced by the notes of other jurors. Notes are not entitled to any more weight than the memory or impression of each juror.

Sixth: Once you start deliberating, do not talk, communicate with, or provide any information about this case by any means to the court officials, or to me, or to anyone else except each other. During your deliberations, you may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, Blackberry or computer; the internet, any internet service, or any text or instant messaging service; or any internet chat room, blog, or website such as Facebook, My Space, LinkedIn, YouTube or Twitter, to communicate to anyone any information about this case or to conduct any research about this case.

Seventh: If you have any questions or messages, your foreperson should write them down on a piece of paper, sign them, and then give them to the court official who will give them to me. I will first talk to the lawyers about what you have asked, and I will respond as soon as I can. In the meantime, if possible, continue with your deliberations on some other subject.

If you want to see any of the exhibits that were admitted in evidence, you may send me a message and, if I can legally do so, I will have those exhibits provided to you.

One more thing about messages. Do not ever write down or tell anyone how you or anyone else voted. That should stay secret until you have finished your deliberations. If you have occasion to communicate with the court while you are deliberating, do not disclose the number of jurors who have voted to convict or acquit on any offense.

---

Third Circuit Model Criminal Jury Instruction, No. 3.16 (2024).

**Verdict Form and Special Interrogatories**

A verdict form has been prepared that you should use to record your verdict. Take this form with you to the jury room. When you have reached your unanimous verdict, the foreperson should write the verdict on the form, date and sign it, return it to the courtroom and give the form to my courtroom deputy to give to me. If you decide that the government has proved the defendant guilty of the offense charged beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form. If you decide that the government has not proved the defendant guilty of the offense charged beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form.

If you find a defendant guilty of the offenses charged in Counts One or Two, you must answer questions, called jury interrogatories, to decide whether the offense caused certain harms involved certain conduct. If you find that the government has not proved the defendant guilty of the offenses charged in Counts One or Two, then you do not need to answer the interrogatories.

In answering the interrogatories, as in deciding your verdict, you must be unanimous, and in order to find that the offense caused certain harms involved certain conduct, you must be satisfied that the government proved such causation that conduct beyond a reasonable doubt.

---

Third Circuit Model Criminal Jury Instruction, No. 3.17 (2024) (modified).

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Government's Amended Proposed Jury Instructions has been served by electronic filing upon all counsel of record.

s/ Amanda R. Reinitz
AMANDA R. REINITZ
MICHAEL R. MILLER
Assistant United States Attorneys

Dated: November 4, 2024